# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
### ASHEVILLE DIVISION
#### 1:12-cv162-RJC

| | |
|---|---|
| ROY CARLISS KNIGHT, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>SUSAN WHITE, )<br>FNY RIDDLE, )<br>)<br>Defendants. )<br>_____ ) | **ORDER** |

**THIS MATTER** is before the Court on an initial review of Plaintiff's Complaint filed under 42 U.S.C. § 1983. (Doc. No. 1). Pursuant to 28 U.S.C. § 1915A(a), the "court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or employee of a governmental entity." Following this initial review, the "court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . fails to state a claim for relief." Id. § 1915A(b)(1).

The Court has examined Plaintiff's Application to Proceed Without Prepayment of Fees or Costs and it appears that Plaintiff does not have sufficient funds to proceed in this matter. However, Plaintiff has failed to sign his Application and his Application will therefore be denied without prejudice. After conducting this initial review, the Court concludes that Plaintiff's Complaint must be dismissed for failure to state a claim.

## I. BACKGROUND

According to the Complaint, Plaintiff is a state prisoner incarcerated in the Mountain View Correctional Institution within the Western District. Plaintiff alleges that

1

in July 2010, he was standing in line to receive medication. After receiving his medication he walked down the hallway and "Officer Riddle pushed the door open and knocked out all my upper teeth." (Doc. No. 1 at 4). Plaintiff explains that the area where this happened "is a hazard site" and he attaches a diagram of the site of the injury to his Complaint. (Id. at 10). Plaintiff notes the location of the injury on this diagram and he identifies the location as the "Place of Accident." Plaintiff was treated by a nurse and a doctor and Officer Riddle "was quickly transferred to Avery Mitchell." (Id. at 4). Plaintiff contends that he continues to have pain and his teeth have not been fixed to his satisfaction. (Id.). In his claim for relief, Plaintiff moves for injunctive relief which would require the prison to replace his gold teeth which were knocked out, and he seeks $2,5000,000 in punitive damages. (Id.).

## II. LEGAL STANDARD

Section 1983 provides a remedy where a person acting under color of state law deprives someone of a right secured by federal law. Section 1983 applies to violations of federal constitutional rights, as well as certain limited federal statutory rights. See Maine v. Thibotout, 448 U.S. 1 (1980); see also Gonzaga University v. Doe, 536 U.S. 273, 283 (2002) (holding that a right must be "unambiguously conferred" by a statute to support a Section 1983 claim); Golden State Transit Corp. v. Los Angeles, 493 U.S. 103, 107-08, n.4 (1989) ("A claim based on a statutory violation is enforceable under § 1983 only when the statute creates 'rights, privileges, or immunities' in the particular plaintiff ."). A pro se complaint in a proceeding in forma pauperis must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.3d 387 (4th Cir.1990).

In order to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' "Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007) ). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). It is not necessary that Plaintiff allege exhaustive, "detailed factual allegations," but [Rule 8] demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. (citing Twombly, 550 U.S. at 555).

## III. DISCUSSION

Plaintiff's allegations, when considered together with the attachment to his Complaint, demonstrate that Plaintiff's Complaint fails to state a claim for relief. Accordingly, Plaintiff's Complaint will be dismissed.[1] Plaintiff names two defendants in his lawsuit and asserts an allegation that he was injured by Officer Riddle and following the injury he has been denied proper medical care.

### A. Inadequate Medical Care

In order for liability to attach in a Section 1983 action, a defendant's conduct must have been the cause of the alleged constitutional or statutory violation. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 692 (1978). The Eighth Amendment protects inmates from prison officials who act with deliberate indifference to their serious medical needs. See Farmer v. Brennan, 511 U.S. 825, 831 (1994). "Deliberate indifference is a very high standard –a showing of mere negligence

---

[1] Plaintiff has attached an exhibit to his Complaint and it is properly considered part of the Complaint when deciding whether Plaintiff has failed to state a claim. See Brooks v. Blue Cross & Blue Shield of Fla., Inc., 116 F.3d 1364, 1369 (11th Cir. 1997).

3

Case 1:12-cv-00162-RJC   Document 4   Filed 08/06/12   Page 3 of 5

will not meet it." Grayson v. Peed, 195 F.3d 692, 695 (4th Cir. 1999). In order for a prisoner to state a valid claim for inadequate medical care, the prisoner must first allege facts in his complaint which are sufficient to show that (1) he has a serious medical need and (2) that prison officials are not providing adequate medical care to address his medical need. Id.; Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Next, the prisoner must allege that a prison official was aware of the medical need, and then failed to provide the necessary medical treatment. Estelle v. Gamble, 429 U.S. 97, 106 (1976).

It is clear from Plaintiff's Complaint that he received medical treatment after his injury in July 2010, following a nurse's examination and a doctor's examination. Plaintiff's Complaint states that the doctor commented on the cheap nature of his gold bridge which was knocked out. Plaintiff's claim for relief is for his gold teeth to be replaced. It does not appear that Plaintiff has received improper treatment for his injury, rather it appears that Plaintiff is dissatisfied with the course of treatment, namely, that his dental issue was not resolved to his satisfaction because gold teeth were not installed.

After considering Plaintiff's allegations, the Court finds that Plaintiff fails to state an actionable claim for inadequate medical care and this claim will be dismissed. 28 U.S.C. § 1915A(b)(1).

B. Physical Injury

According to Plaintiff's Complaint, he was injured when Officer Riddle opened a door and Plaintiff ran into it. Plaintiff does not allege that Officer Riddle purposely opened the door in an effort to injure him. In fact, Plaintiff states that the injury occurred as the result of an accident on the diagram he attaches to his Complaint. (Doc. No. 1 at 10). At best, Plaintiff alleges Officer Riddle was negligent in opening the door, but this cannot support a claim for relief under Section

4

Case 1:12-cv-00162-RJC   Document 4   Filed 08/06/12   Page 4 of 5

1983. "The Supreme Court has made clear that liability under § 1983 must be predicated upon a deliberate deprivation of constitutional rights by the defendant. In cannot be predicated upon negligence." <u>Woodward v. City of Worland</u>, 977 F.2d 1392, 1399 (10th Cir. 1992) (citing <u>City of Canton v. Harris</u>, 489 U.S. 378, 389 (1989)). Plaintiff has identified the cause of his injury as an accident, and therefore his claim against Officer Riddle must be dismissed.

## IV.     CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Application to Proceed Without Prepayment of Costs or Fees, (Doc. No. 1-1), is **DENIED without prejudice** for failure to sign the Application.

2. Plaintiff's Complaint is **DISMISSED** for failure to state a claim for relief upon which relief may be granted. 28 U.S.C. § 1915A(b)(1).

Signed: August 6, 2012

Robert J. Conrad, Jr.
Chief United States District Judge

5

Case 1:12-cv-00162-RJC    Document 4    Filed 08/06/12    Page 5 of 5